## SUPERIOR COURT OF GORDON COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22CV72533</u>

Barker, Sara
Barker, Jerry

---

**PLAINTIFF**

**VS.**

Cracker Barrel Old Country Store, Inc.

---

**DEFENDANT**

### SUMMONS

TO: CRACKER BARREL OLD COUNTRY STORE, INC.
   The Corporation Company, Registered Agent

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Brad J McFall**
> **Gammon, McFall & Villarreal**
> **P.O. Box 292**
> **Cedartown, Georgia 30125**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of July, 2022.**

Clerk of Superior Court

_Grant Walraven_

Grant Walraven, Clerk
Gordon County, Georgia

# EXHIBIT 1

**General Civil and Domestic Relations Case Filing Information Form**

**⚖ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

☑ **Superior** or ☐ **State Court of** Gordon_____ **County**

**22CV72533**

| For Clerk Use Only | | JUL 25, 2022 11:39 AM |
|---|---|---|
| **Date Filed** 07-25-2022_____ | **Case Number** 22cv72533_____ | _Grant Walraven_ |
| **MM-DD-YYYY** | | Grant Walraven, Clerk |
| | | Gordon County, Georgia |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Barker, Sara | | | | | Cracker Barrel Old Country Store, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Barker, Jerry | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** McFall, Mr. Brad J_____   **Bar Number** 491040_____   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☑ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ _____
**Case Number**     **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

**⚡ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72533**

JUL 25, 2022 11:39 AM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

### IN THE SUPERIOR COURT
### COUNTY OF GORDON
### STATE OF GEORGIA

| | | |
|---|---|---|
| SARA BARKER AND | ) | |
| JERRY BARKER | ) | |
| Plaintiffs | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. _____ |
| | ) | |
| CRACKER BARREL OLD | ) | |
| COUNTRY STORE, INC. | ) | |
| Defendant | ) | |

### **COMPLAINT**

COME NOW, Plaintiffs named hereinabove, and file their COMPLAINT against the above-named Defendant, and respectfully show the Court the following:

1.

Defendant Cracker Barrel Old Country Store, Inc. (hereafter "Cracker Barrel") is a foreign for-profit corporation authorized to transact business in the State of Georgia. Service of process may be perfected upon Defendant Cracker Barrel by serving its registered agent; to wit: The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794.

2.

The Defendant is subject to the jurisdiction of this Court and venue is proper pursuant to O.C.G.A. 14-2-510(b)(3).

AMMON, McFALL
& VILLARREAL
ATTORNEYS AT LAW
POST OFFICE BOX 292
DARTOWN, GEORGIA 30125

## FACTUAL ALLEGATIONS

3.

Cracker Barrel is a store/restaurant that currently operates in excess of six hundred (600) stores in the continental United States of America and is located in forty five (45) states.

4.

One of the Defendant's stores in the United States is located at 100 Cracker Barrel Drive, Calhoun, Georgia 30701 (hereinafter referred to as "the Calhoun Cracker Barrel").

5.

The Defendant generally invites the general public, including the Plaintiffs, to enter the premises of its stores and to purchase food and merchandise from the Defendant.

6.

On May 12, 2021, the Plaintiffs entered Defendant's Calhoun Cracker Barrel, as invitees in order to have breakfast.

7.

As the Plaintiffs entered the Calhoun Cracker Barrel, Plaintiff Sara Barker entered the women's restroom in order to the use restroom before eating.

8.

As Plaintiff Sara Barker entered the restroom and began walking towards the farthest stall her feet suddenly, and without warning, slipped on moisture on

the floor, causing Plaintiff Sara Barker to lose her balance and to fall forward directly into the wall ahead of her.

9.

As a consequence of her fall, Plaintiff Sara Barker fractured both of her wrists, fractured her knee cap and suffered a broken nose.

10.

Immediately following her fall, Plaintiff Sara Barker laid on the floor and called for help as she was unable to get up.

11.

Within one or two minutes of her fall, an individual came into the restroom, saw Plaintiff Sara Barker on the floor, returned to the store portion of the Calhoun Cracker Barrel and called for Plaintiff Jerry Barker who then entered the restroom and rendered aid to his wife.

12.

Plaintiff Sara Barker's slip and fall, as hereinabove described, caused her to sustain serious injuries and damages.

## COUNT I
## CLAIMS AGAINST THE DEFENDANT

13.

The Defendant, as owner and operator of the Calhoun Cracker Barrel, was negligent in that the Defendant failed to maintain the floor of the women's restroom in a reasonably safe condition.

AMMON, McFALL
& VILLARREAL
ATTORNEYS AT LAW
POST OFFICE BOX 292
DARTOWN, GEORGIA 30125

14.

The Defendant, as owner and operator of the Calhoun Cracker Barrel, was negligent in that it allowed moisture to come into contact with and remain on the floor of the women's restroom when the Defendant knew, or in the exercise of reasonable care should have known, that the moisture created an unreasonable risk of harm to customers in the women's restroom.

15.

The Defendant was negligent in that it failed to properly warn the Plaintiff Sara Barker of the danger presented by the presence of the moisture on the floor of the women's restroom.

16.

The Defendant was negligent in that it failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

17.

The Defendant knew or should have known of the existence of the moisture on the floor of the women's restroom in that this hazard had been present long enough that the Defendant could have discovered it through reasonable inspection procedures, which procedures do not exist.

18.

As a direct and proximate result of the negligence of the Defendant as set forth above, the Plaintiff slipped and fell while in the women's restroom of the Calhoun Cracker Barrel.

19.

As a further direct and proximate result of the negligence of the Defendant as set forth above, the Plaintiff sustained serious injuries and damages, which injuries were serious, permanent, painful, and disabling.

20.

As a further direct and proximate result of the Defendant's negligence, the Plaintiff has incurred significant medical expenses, physical pain and suffering, and emotional pain and suffering, for which the Plaintiff sues.

21.

The Defendant, by use of reasonable procedures for maintaining a safe environment for customers, inspection and maintenance, as well as adequate warnings to business invitees, would have prevented the Plaintiff's injuries.

## COUNT II
## CONSORTIUM

22.

Plaintiffs hereby incorporates each and every allegation contained in Count I of this complaint into Count II of this complaint as if each allegation contained therein had been realleged and set forth in full herein.

23.

At the time of the accident complained of herein, Plaintiff Jerry Barker was, and at all times since, has been and is at this time the lawful husband of Sara Barker.

iAMMON, McFALL
& VILLARREAL
\TTORNEYS AT LAW
POST OFFICE BOX 292
OARTOWN, GEORGIA 30125

24.

As a direct result of the injuries caused by the negligence of the Defendant, Plaintiff Jerry Barker has lost the consortium for which he had formerly enjoyed with his wife, including her unimpaired aid, assistance, comfort, society, companionship, company, love and other conjugal fellowship, and will have permanent partial loss of said consortium in the future.

25.

Prior to the accident, Plaintiff Sara Barker was a well, strong, healthy and able bodied woman.

WHEREFORE, the Plaintiff demands judgment against the Defendant Cracker Barrel Old Country Store, Inc., in such an amount as the jury deems just and equitable under the facts and circumstances of this case.

Respectfully submitted,
GAMMON, McFALL, & VILLARREAL

By: _____
Brad J. McFall
Georgia Bar No. 491040

P.O. Box 292
Cedartown, GA 30125
770-748-2815
e-mail: brad@gmvlawfirm.com

**🔥 EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72533**

JUL 25, 2022 11:39 AM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

## IN THE SUPERIOR COURT
## COUNTY OF GORDON
## STATE OF GEORGIA

| | | |
|---|---|---|
| SARA BARKER AND | ) | |
| JERRY BARKER | ) | |
| Plaintiffs | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. _____ |
| | ) | |
| CRACKER BARREL OLD | ) | |
| COUNTRY STORE, INC. | ) | |
| Defendant | ) | |

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
### CRACKER BARREL OLD COUNTRY STORE, INC.

Please take notice that pursuant to Section 9-11-33, O.C.G.A., Plaintiffs Sara Barker and Jerry Barker hereby serves upon Defendant Cracker Barrel Old Country Store, Inc. Plaintiffs' First Interrogatories which are required to be answered under oath and thereafter served upon undersigned counsel for Plaintiffs within 45 days from the date these interrogatories are served.

These interrogatories are continuing in nature and require you to file supplemental answers setting forth any information that you, your agents, attorneys, or representatives may acquire that affect the accuracy or completeness of the answers originally provided.

You are required to answer each interrogatory separately in writing and as completely as possible. The fact that investigation is continuing or that discovery is not complete should not be used as an excuse for failure to answer each interrogatory as fully as possible. The omission of any name, fact, or other item of information from the answer shall be deemed a representation that the name,

AMMON, McFALL
& VILLARREAL
ATTORNEYS AT LAW
POST OFFICE BOX 292
DARTOWN, GEORGIA 30125

fact, or item was not known to you, your counsel, or other representative at the time of service of the answers. Specify the precise facts, allegations, names, etc., required by the interrogatory, regardless of whether the same information is required elsewhere in these interrogatories.

If you object to any of these interrogatories, or if you do not fully answer any interrogatory, state your specific grounds for the objection or incomplete answer to the interrogatory.

If you allege privilege as to any information or document requested, fully identify the information or documents for which privilege is asserted, and state specifically the grounds for each privilege you assert.

1.

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the response.)

2.

Are you a corporation? If so, state:

(a)     The name stated in the current articles of incorporation;

(b)     All other names used by the corporation during the past ten years and the dates each was used;

(c)     The date and place of incorporation;

(d)     The address of the principal place of business;

(e)     Whether you are qualified to do business in Georgia.

;AMMON, McFALL
& VILLARREAL
\TTORNEYS AT LAW
POST OFFICE BOX 292
:DARTOWN, GEORGIA 30125

3.

State the name, address, and telephone number of each individual:

(a)     Who witnessed the incident or the events occurring immediately before or after the incident;

(b)     Who heard any statements made about the incident by any individual at the scene;

(c)     Who you or anyone acting on your behalf claim has knowledge of the incident (except for expert witnesses covered by Code of Civil Procedure, Section 2037).

5.

Does Defendant Cracker Barrel have in existence any manuals, instructions and/or policies regarding the maintenance of restrooms located on store premises? If so, please identify the manual, instruction and/or policy and describe same.

6.

Have you or anyone acting on your behalf interviewed any individual concerning the incident?  If so, for each individual state:

(a)     The name, address, and telephone number of the individual interviewed;

(b)     The date of the interview;

(c)     The name, address, and telephone number of the person who conducted the interview.

GAMMON, McFALL
& VILLARREAL
ATTORNEYS AT LAW
POST OFFICE BOX 202
DARTOWN, GEORGIA 30125

7.

Have you or anyone acting on your behalf obtained a written or recorded statement from any individual concerning the incident?  If so, for each statement state:

(a)     The name, address, and telephone number of the individual from whom the statement was obtained;

(b)     The name, address, and telephone number of the individual who obtained the statement;

(c)     The date the statement was obtained;

(d)     The name, address, and telephone number of each person who has the original statement or a copy.

8.

Do you or anyone acting on your behalf know of any photographs, films, or videotapes depicting any place, object, or individual concerning the incident or Plaintiff's injuries?  If so, state:

(a)     The number of photographs or feet of film or videotape;

(b)     The places, objects, or persons photographed, filmed, or videotaped;

(c)     The date the photographs, films, or videotapes were taken;

(d)     The name, address, and telephone number of the individual taking the photographs, films, or videotapes;

(e)     The name, address, and telephone number of each person who has the original or a copy.

AMMON, McFALL
& VILLARREAL
ATTORNEYS AT LAW
POST OFFICE BOX 292
DARTOWN, GEORGIA 30125

9.

Do you or anyone acting on your behalf know of any diagram, reproduction, or model of any place or thing concerning the incident?  If so, for each item state:

(a)     The type (i.e., diagram, reproduction, or model);

(b)     The subject matter;

(c)     The name, address, and telephone number of each person who has it.

10.

Was a report made by any person concerning the incident?  If so, state:

(a)     The name, title, identification number, and employer of the person who made the report;

(b)     The date and type of report made;

(c)     The name, address, and telephone number of the person for whom the report was made.

11.

Have you or anyone acting on your behalf inspected the scene of the incident?  If so, for each inspection state:

(a)     The name, address, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure, Section 2037);

(b)     The date of the inspection.

;AMMON, McFALL
& VILLARREAL
\TTORNEYS AT LAW
POST OFFICE BOX 292
DARTOWN, GEORGIA 30125

12.

Did you or anyone acting on your behalf cause an investigation to be conducted at any time in connection with the subject matter of this action? If so, please state for each such investigation:

(a)     The date of each investigation;

(b)     Where the investigation was made;

(c)     The names of the persons conducting each such investigation;

(d)     The names and capacities of all persons present or contacted at any time during the investigation;

(e)     Whether any written notes or memoranda of any kind were made in connection with the investigation;

(f)     Whether a report of the investigation was made;

(g)     The date of each such report;

(h)     The name of the person making each such report;

(I)     Whether each such report was oral or in writing;

(j)     The present location of each such written report;

(k)     The name and address of the person having custody of each written report.

13.

Please state whether you or anyone acting on your behalf has reviewed or read any memorandum concerning any investigation of Plaintiff's injuries, which was written or compiled by someone not then acting on your behalf. If so, for each such memorandum please state:

iAMMON, McFALL
& VILLARREAL
\TTORNEYS AT LAW
POST OFFICE BOX 292
DARTOWN, GEORGIA 30125

(a)     The name, address, capacity, and employer of each person who furnished you with a copy thereof;

(b)     The name, address, capacity, and employer of each person who wrote or compiled it;

(c)     The date or dates upon which it was written or compiled;

(d)     The name and address of each person for whose benefits it was originally written or compiled; and

(e)     Whether a copy thereof now rests in your custody and control, or in the custody or control of anyone acting on your behalf.

14.

Please state whether you or anyone acting on your behalf have consulted any experts concerning the facts of this case.  If so, for each expert please state:

(a)     His/her name, address, occupation and capacity;

(b)     Whether he/she furnished an oral or written report of his/her findings or opinions concerning the matters for which consultation was obtained;

(c)     Whether you intend to call him/her as an expert witness at trial;

(d)     The substance of his/her findings or opinions respecting this action;

(e)     The name, date, publisher, and author of any scientific technical, or professional text, treatise, journal, or similar publication upon which such expert relied to form his/her findings or opinions.

15.

Do you or anyone acting on your behalf have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case?  If so, state:

    (a)    The time and place when such admission or declaration was made;

    (b)    The substance of the admission or declaration;

    (c)    The names and addresses of all persons in whose presence such admission or declaration was made.

16.

Do you contend that any other person, business entity, or government entity is responsible in any way for Plaintiff's injuries? (By answering in the affirmative or negative, you are not admitting liability.  The Plaintiff is only interested in learning whether you contend that some other person or entity may be in whole or in part responsible for Plaintiff's injuries).

17.

If your answer to Interrogatory Number 17 is in the affirmative, please state the facts on which you rely in making this contention, as well as:

    (a)    The names, addresses, and telephone numbers of all persons who have knowledge of the facts;

    (b)    Identify all writings and other tangible things that support your contention and state the name, address, and telephone number of the person who has each writing or thing.

18.

At the time of Plaintiff's injury, do you contend that any person or entity other than you and your employees and agents were responsible for the cleaning and maintenance of the premises on which Plaintiff alleges she was injured.

19.

If your answer to Interrogatory number 20 is in the affirmative, state each and every fact on which you base your contention and identify each and every writing that supports the contention.

20.

Identify with sufficient particularity to allow Plaintiff to frame a Notice to Produce all procedural manuals, letters, memos, instruction manuals and other writings that pertain to or concern in anyway the cleaning and maintenance of areas where the employees of Defendant Cracker Barrel are assigned.

21.

Do you contend that Plaintiff did not fall at the place and time alleged in the Complaint?

22.

If your answer to Interrogatory Number 23 is in the affirmative, state:

(a)     Each and every fact on which you base the contention;

(b)     The name, address, and telephone number of each witness whose testimony would support the contention.  Identify with sufficient particularity to allow Plaintiff to frame a Notice to Produce, each and every writing that supports the contention.

;AMMON, McFALL
& VILLARREAL
\TTORNEYS AT LAW
POST OFFICE BOX 202
DARTOWN, GEORGIA 30125

23.

Was any abrasive or nonskid material in use on the floor surface where Plaintiff alleges she fell?

24.

If so, what material?

25.

Was any polishing or cleaning substance applied to the floor at any time before the accident?

26.

If so, state:

(a)      The name of the polishing substance;

(b)      The manner of its application;

(c)      The frequency of its application;

(d)      The date and time it was last applied before the accident and the name, address, and phone number of the person who applied it;

(e)      Identify all writings (including time logs, sweep sheets, cleaning logs, maintenance records) which support your answer to Interrogatory 12 (d).

27.

Identify, by providing their full name, address, telephone number and last known place of employment, all loss risk personnel working at the Cracker Barrel from May 1, 2021, through the date of your responses to these interrogatories, including any and all loss risk personnel who assisted, completed or took part in

downloading and preserving video evidence of the incident complained of that

occurred on May 12, 2021.

This 22 day of _____ July _____, 2022.

GAMMON, McFALL & VILLARREAL

_____
Brad J. McFall
Georgia Bar No. 491040
Attorney for Plaintiffs

P.O. Box 292
Cedartown, GA  30125
(770) 748-2815
e-mail: brad@gmvlawfirm.com

$ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72533**

JUL 25, 2022 11:39 AM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

**IN THE SUPERIOR COURT**
**COUNTY OF GORDON**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SARA BARKER AND | ) | |
| JERRY BARKER | ) | |
| Plaintiffs | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. _____ |
| | ) | |
| CRACKER BARREL OLD | ) | |
| COUNTRY STORE, INC. | ) | |
| Defendant | ) | |

## REQUEST FOR PRODUCTION OF DOCUMENTS
## AND NOTICE TO PRODUCE TO DEFENDANT
## CRACKER BARREL OLD COUNTRY STORE, INC.

COME NOW , Sara Barker and Jerry Barker, Plaintiffs in the above styled

action, and files this Request for Production of Documents and Notice to Produce

pursuant of O.C.G.A. Section 9-11-34 (a) and requires Defendant Cracker Barrel

Old Country Store, Inc., comply with said Section by producing and permitting

attorney for the Plaintiffs to inspect and copy each of the following documents

and things:

Notwithstanding the foregoing, Defendant is requested, pursuant to

O.C.G.A. Section 24-10-26, to produce the documents, records, and other items

specified as follows, at the time of any Rule Nisi Hearing, and until the trial of the

above-styled case is concluded, the following documents and records which are

in your, custody or control, the same to be used as evidence by the Plaintiffs, to-

wit:

AMMON, McFALL
& VILLARREAL
ATTORNEYS AT LAW
POST OFFICE BOX 292
DARTOWN, GEORGIA 30125

1.

Any and all photographs both prior to and subsequent to the Plaintiff's injury/accident which depict the area where the Plaintiff alleges she slipped and fell while shopping at the Cracker Barrel Old Country Store located in Calhoun, Gordon County, Georgia.

2.

Any and all reports and documents taken or prepared by the Defendant regarding the Plaintiff's slip and fall accident.

3.

Video footage showing the interior of the store where Plaintiff fell two hours before and one hour after the fall.

4.

Documents relating to any other employee or customer injuries resulting from falls three years prior to and one year after this incident.

5.

All documents, including photographs, statements memos or videos referenced in response to Interrogatories Nos. 8, 9, 10, 11, 12, 13 and 14.

6.

All Personnel Policies, pamphlets, brochures, handbooks, memos, e-mails, or other writings concerning or having to do with care and maintenance of

the premises where the Plaintiff fell.

GAMMON, McFALL & VILLARREAL

_____
Brad J. McFall
Georgia Bar No. 491040
Attorney for Plaintiffs

P. O. Box 292
Cedartown, GA  30125
(770) 748-2815
e-mail: brad@gmvlawfirm.com

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72533**

**AUG 31, 2022 08:26 AM**

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

## IN THE SUPERIOR COURT OF GORDON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **SARA BARKER and** | § | |
| **JERRY BARKER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION FILE NO:** |
| **v.** | § | **22CV72533** |
| | § | |
| **CRACKER BARREL OLD COUNTRY** | § | |
| **STORE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW **CRACKER BARRELL OLD COUNTRY STORE, INC.**, a Defendant in the above-styled civil action ("Cracker Barrell"), and files this, its Answer and Defenses to Plaintiffs' Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

No act or omission by Defendant either proximately caused or contributed to whatever injury or damage Plaintiffs claim to have sustained.

### SECOND DEFENSE

Defendant has breached no duty owed to the Plaintiffs.

### THIRD DEFENSE

As discovery is ongoing, Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered. Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-1 l-8(c) to the extent applicable. Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## **FOURTH DEFENSE**

As a Fourth Defense, Defendant answers the numbered Paragraphs of Plaintiffs'

Complaint as follows:

### 1.

This Defendant admits only that process for said Defendant may be served upon its

registered agent for service, The Corporation Company, at 106 Colony Park Drive, Suite 800-B,

Cumming, Georgia 30040-2794.  This Defendant can neither admit nor deny the remaining

allegations contained within Paragraph 1 of Plaintiffs' Complaint.

### 2.

This Defendant denies the allegations contained within Paragraph 2 of Plaintiff's

Complaint.

## **FACTUAL ALLEGATIONS**

### 3.

This Defendant can neither admit nor deny the allegations contained within Paragraph 3

of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the

truth thereof, and puts Plaintiffs upon strict proof of the same.

### 4.

This Defendant admits the allegations contained within Paragraph 4 of Plaintiffs'

Complaint.

{SECURE Firm/2005/00025/PLEADING/03680730.DOC }

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiffs' Complaint.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint raise an inference that Defendant acted negligently or that Plaintiffs are entitled to any relief requested, such inference is denied.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10

of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint raise an inference that Defendant acted negligently or that Plaintiffs are entitled to any relief requested, such inference is denied.

## COUNT I
## CLAIMS AGAINST THE DEFENDANT

13.

This Defendant denies the allegations contained within Paragraph 13 of Plaintiffs' Complaint.

14.

This Defendant denies the allegations contained within Paragraph 14 of Plaintiffs' Complaint.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiffs' Complaint.

- 4 -

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiffs'
Complaint.

17.

This Defendant denies the allegations contained within Paragraph 17 of Plaintiffs'
Complaint.

18.

This Defendant denies the allegations contained within Paragraph 18 of Plaintiffs'
Complaint.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiffs'
Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiffs'
Complaint.

21.

This Defendant denies as pled the allegations contained within Paragraph 21 of Plaintiff's
Complaint.

## **COUNT II**
## **CONSORTIUM**

22.

This Defendant hereby incorporates by reference as if fully set out herein its answers and
responses previously made to Paragraphs 1 through 21 of Plaintiffs' Complaint for Damages.

23.

This Defendant can neither admit nor deny the allegations contained within Paragraph 23 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiffs' Complaint.

25.

This Defendant can neither admit nor deny the allegations contained within Paragraph 25 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of the same.  To the extent that the allegations contained in this Paragraph of Plaintiffs' Complaint raise an inference that Defendant acted negligently or that Plaintiffs are entitled to any relief requested, such inference is denied.

26.

This Defendant denies any remaining allegations contained in Plaintiffs' Complaint not previously responded to.

27.

This Defendant denies that Plaintiffs are entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant **CRACKER BARREL OLD COUNTRY STORE, INC.** prays that it be discharged without costs.

**A TRIAL BY TWELVE JURORS IS DEMANDED.**

This 31st day of August, 2022.

- 6 -

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
cbryant@cmlawfirm.com
jrussell@cmlawfirm.com
rcruser@cmlawfirm.com

CANDICE R. BRYANT
Georgia Bar No. 807404
JANELLE RUSSELL
Georgia Bar No. 630113
 J. ROBB CRUSER
Georgia Bar No. 199480
*Attorneys for Defendant*

- 7 -

**IN THE SUPERIOR COURT OF GORDON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| SARA BARKER and | § | |
| JERRY BARKER, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | **CIVIL ACTION FILE NO:** |
| v. | § | **22CV72533** |
| | § | |
| CRACKER BARREL OLD COUNTRY | § | |
| STORE, INC., | § | |
| | § | |
|     Defendant. | § | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt e-filing ssystem which will automatically send e-mail notification of such filing to the following counsel of record:

Brad J. McFall
GAMMON, McFALL, & VILLARREAL
P.O. Box 292
Cedartown, GA 30125
brad@gmvlawfirm.com
*Attorney for Plaintiffs*

This 31st day of August, 2022.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000                          **CANDICE R. BRYANT**
275 Scientific Drive                             Georgia Bar No. 807404
Peachtree Corners, GA  30092                      **JANELLE RUSSELL**
(404) 881-2622                                    Georgia Bar No. 630113
(404) 881-2630 (Fax)                              **J. ROBB CRUSER**
cbryant@cmlawfirm.com                             Georgia Bar No. 199480
jrussell@cmlawfirm.com                            *Attorneys for Defendant*
rcruser@cmlawfirm.com

- 8 -

📃 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72533**

AUG 31, 2022 08:26 AM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

## IN THE SUPERIOR COURT OF GORDON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SARA BARKER and JERRY BARKER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION FILE NO: 22CV72533 |
| CRACKER BARREL OLD COUNTRY STORE, INC., | § § § | |
| Defendant. | § § | |

### DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S NOTICE OF FILING NOTICE OF REMOVAL

**TO:   Plaintiffs SARA BARKER and JERRY BARKER, c/o their attorneys**

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that Defendant Cracker Barrel Old Country Store, Inc. has filed a Notice of Removal of the above-styled action to the United States District Court for the Northern District of Georgia, Rome Division, a copy of which is attached hereto and by reference made a part hereof.

This 31st day of August, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

*[signature]*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
cbryant@cmlawfirm.com
jrussell@cmlawfirm.com
rcruser@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**JANELLE RUSSELL**
Georgia Bar No. 630113
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant*

## IN THE SUPERIOR COURT OF GORDON COUNTY
## STATE OF GEORGIA

SARA BARKER and §
JERRY BARKER, §
§
    Plaintiffs, §
§
                         §        **CIVIL ACTION FILE NO:**
v. §        **22CV72533**
§
CRACKER BARREL OLD COUNTRY §
STORE, INC., §
§
    Defendant. §

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC'S NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of Court using the PeachCourt filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Brad J. McFall
GAMMON, McFALL, & VILLARREAL
P.O. Box 292
Cedartown, GA 30125
brad@gmvlawfirm.com
*Attorney for Plaintiff*

    This 31st day of August, 2022.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000        **CANDICE R. BRYANT**
275 Scientific Drive        Georgia Bar No. 807404
Peachtree Corners, GA 30092   **JANELLE RUSSELL**
(404) 881-2622           Georgia Bar No. 630113
(404) 881-2630 (Fax)       **J. ROBB CRUSER**
cbryant@cmlawfirm.com     Georgia Bar No. 199480
jrussell@cmlawfirm.com     *Attorneys for Defendant*
rcruser@cmlawfirm.com